UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

Jonathan P. Saunders, MFA, LLM, Plaintiff

v. Civil Action No. 4:25-cv-00761-MJT-ZJH

Defendants

**Richard Bryan Benet**
**Benet Vehicle Services - Lewisville**
**Christian Brothers Automotive - Lewisville;**
**Christian Brothers Automotive Corporation;**
**Nationwide Mutual Insurance Company;**
**Jasmine Robinson, individually and as employee of Nationwide;**
**Clark Hill PLC;**
**Ali Hayslip, in her individual capacity;**
**Preston Naylor, individually;**
**DOES 1–10, inclusive,** Defendants.

FILED
JUL 2 1 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

### PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff **Jonathan P. Saunders**, pro se, and files this Original Complaint against Defendants, and would respectfully show the Court the following:

### I. JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §1331 (federal question) for claims brought under:
   - The **Magnuson-Moss Warranty Act** (15 U.S.C. §2301 et seq.)
   - **42 U.S.C. §1983** for violation of Plaintiff's right to due process
   - The **Racketeer Influenced and Corrupt Organizations Act (RICO)**, 18 U.S.C. §1961 et seq.

2. Supplemental jurisdiction exists under 28 U.S.C. §1367 for related Texas state law claims under the **Texas Deceptive Trade Practices Act (DTPA)** and common law fraud.

3. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions occurred in this District.

## II. PARTIES

4. Plaintiff **Jonathan P. Saunders** is a natural person residing in Texas. He is the sole owner of the vehicle at issue and the individual deprived of rights described herein.

5. Defendant **Christian Brothers Automotive – Lewisville** is a franchise operating in Denton County, Texas.

6. Defendant **Christian Brothers Automotive Corporation** is a Texas corporation headquartered in Houston, TX.

7. Defendant **Nationwide Mutual Insurance Company** is an insurer doing business in Texas and nationwide.

8. Defendant **Jasmine Robinson** is an in-house attorney for Nationwide and is sued in her individual and professional capacity.

9. Defendant **Clark Hill PLC** is a law firm registered in Texas and has participated in the matters alleged herein.

10. Defendant **Ali Hayslip** is the Court Coordinator for the 442nd Judicial District Court and is sued in her individual capacity.

11. Defendant **Preston Naylor** is an employee or agent of CBA Lewisville and is sued in his individual capacity for direct misrepresentations and inducement of Plaintiff.

12. **DOES 1–10** are unknown individuals or entities who participated in or benefited from the fraudulent, deceptive, or unconstitutional conduct described.

## III. FACTUAL BACKGROUND

13. Plaintiff brought his vehicle to Christian Brothers Automotive – Lewisville based on representations in marketing, online advertisements, and verbal assurances that the franchise offered a comprehensive 3-year/36,000-mile warranty known as the "Nice Difference® Warranty" covering parts and labor, including engine and transmission repairs.

14. Plaintiff spoke with **Preston Naylor**, who induced Plaintiff to authorize extensive repairs by telephone. Naylor never disclosed that such repairs would not be covered under CBA's advertised warranty and never provided a copy of the warranty itself.

15. At no point during the transaction—before, during, or after service—was Plaintiff shown or offered a written copy of the actual warranty terms. The real warranty excludes all engine and transmission-related repairs, which Plaintiff only discovered **after** service failure.

16. Meanwhile, CBA Lewisville's website and other locations continue to prominently advertise engine and transmission repair as routine services. No disclaimers are included on the promotional material. Plaintiff has retained screenshots of these representations, attached hereto as **Exhibit D**.

17. After the repairs failed, Plaintiff attempted to file a warranty claim. Although there was no formal written denial, Plaintiff was verbally informed that such claims were not honored for engine or transmission work—a fact that directly contradicted all prior marketing and service representations.

18. Nationwide Mutual Insurance Company, which insures or defends Christian Brothers, became involved through **Jasmine Robinson**, who presented herself as affiliated with a law firm named "Law Offices of Lawrence & Martinez."

19. Plaintiff personally visited the address listed for that firm and found a sign outside the door stating clearly: **"Employees of Nationwide Mutual Insurance Company. Not a legal partnership."** Robinson never disclosed her true role as in-house counsel for Nationwide. This deception materially affected Plaintiff's handling of the small claims case and his strategic decisions therein. A photo of the sign is attached as **Exhibit C**.

20. Upon discovery of this fraud, Plaintiff filed a Motion to Vacate in small claims court. The current state district court matter (442nd District) was initiated to seek proper redress.

21. Plaintiff has since encountered systemic obstruction and bias, culminating in an email exchange with **Ali Hayslip**, court coordinator for the 442nd Judicial District Court.

22. Hayslip, upon being informed of Plaintiff's previously disclosed unavailability for hearings due to international travel until September 17, 2025, responded:

"You may file whatever you wish but the motion remains set for hearing."

23. When Plaintiff reiterated his good faith efforts to coordinate a fair hearing date and proposed electronic appearance, Hayslip replied:

"Please note that being out of the country for the next two plus months is unreasonable."

24. Hayslip further escalated the exchange by issuing what Plaintiff interpreted as an intimidation tactic:

"Please note that I contact other Courts to confirm that attorneys are where they say they are… Please don't make me have to do that."

25. These statements violate Plaintiff's right to procedural due process, showing a refusal to consider motions, personal bias, and threats to investigate Plaintiff extrajudicially without basis or authority. The full email chain is attached as **Exhibit A.**

26. On July 15, 2025, Defendant **Clark Hill PLC**, representing CBA and its agents, filed a **129-page motion** that had **no bearing** on the present state district court suit but rather attempted to confuse or conflate it with the unrelated small claims case Plaintiff had separately moved to vacate. This entire filing is attached as **Exhibit B.**

27. On information and belief, Clark Hill's filing was coordinated with Nationwide and CBA to cloud the record, obstruct Plaintiff's claims, and derail the judicial process.

28. These filings, combined with false representations to the court and Plaintiff, are part of a **pattern of deception, collusion, and legal abuse** that span marketing, insurance, litigation, and court manipulation. These acts were deliberate and intended to deprive Plaintiff of fair access to the courts.

29. On or about July 9th, 2025, Plaintiff timely filed a verified Motion to Vacate the Justice Court's judgment. The motion was not opposed; Defendants did not file any response. Despite this, and without granting a hearing or issuing any findings, the court summarily denied the motion. The denial of an unopposed post-judgment motion—without explanation—raises serious due process concerns under the Fourteenth Amendment and further underscores the irregular and biased handling of Plaintiff's claims in the Denton County justice system. **Exhibit E**

---

**IV. CLAIMS FOR RELIEF**

**Count I: Magnuson-Moss Warranty Act (15 U.S.C. §2301 et seq.)**

4

23. When Plaintiff reiterated his good faith efforts to coordinate a fair hearing date and proposed electronic appearance, Hayslip replied:

"Please note that being out of the country for the next two plus months is unreasonable."

24. Hayslip further escalated the exchange by issuing what Plaintiff interpreted as an intimidation tactic:

"Please note that I contact other Courts to confirm that attorneys are where they say they are… Please don't make me have to do that."

25. These statements violate Plaintiff's right to procedural due process, showing a refusal to consider motions, personal bias, and threats to investigate Plaintiff extrajudicially without basis or authority. The full email chain is attached as **Exhibit A**.

26. On July 15, 2025, Defendant **Clark Hill PLC**, representing CBA and its agents, filed a **129-page motion** that had **no bearing** on the present state district court suit but rather attempted to confuse or conflate it with the unrelated small claims case Plaintiff had separately moved to vacate. This entire filing is attached as **Exhibit B**.

27. On information and belief, Clark Hill's filing was coordinated with Nationwide and CBA to cloud the record, obstruct Plaintiff's claims, and derail the judicial process.

28. These filings, combined with false representations to the court and Plaintiff, are part of a **pattern of deception, collusion, and legal abuse** that span marketing, insurance, litigation, and court manipulation. These acts were deliberate and intended to deprive Plaintiff of fair access to the courts.

**29.** On or about July 9th, 2025, Plaintiff timely filed a verified Motion to Vacate the Justice Court's judgment. The motion was not opposed; Defendants did not file any response. Despite this, and without granting a hearing or issuing any findings, the court summarily denied the motion. The denial of an unopposed post-judgment motion—without explanation—raises serious due process concerns under the Fourteenth Amendment and further underscores the irregular and biased handling of Plaintiff's claims in the Denton County justice system. **Exhibit E**

## IV. CLAIMS FOR RELIEF

**Count I: Magnuson-Moss Warranty Act (15 U.S.C. §2301 et seq.)**

4

30. Defendants failed to provide a written warranty prior to sale, materially misrepresented the scope of the warranty, and denied Plaintiff post-sale rights without disclosure.

**Count II: Texas Deceptive Trade Practices Act**

31. CBA Lewisville, its franchisor, and insurance agents advertised and sold repair services under false pretenses, omitting material facts and violating express DTPA prohibitions.

**32.** Specifically, Defendants engaged in conduct that violates multiple provisions of the Texas Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code § 17.46(b), including but not limited to:

- **§ 17.46(b)(5):** Representing that services have characteristics, benefits, or qualities they do not have;
- **§ 17.46(b)(7):** Representing that services are of a particular standard, quality, or grade when they are not;
- **§ 17.46(b)(24):** Failing to disclose known information at the time of the transaction with the intent to induce the consumer into a transaction the consumer would not have entered had the information been disclosed.

**33.** Defendants marketed a so-called "Nice Difference® Warranty," promising 3 years or 36,000 miles of coverage "whichever occurs last," thereby leading consumers to believe they were receiving broad protection on parts and labor. In reality, the warranty excludes major systems—such as engines, transmissions, and differentials—despite these being among the most expensive and critical repairs.

**34.** The exclusionary terms are not disclosed at the time of service or purchase, and are only accessible through layered hyperlinks on the company website or via a lengthy web address printed in small type at the bottom of customer invoices. Even then, customers must click through an additional page to discover the long list of exclusions and limitations, which includes disclaimers on numerous high-cost components.

**35.** These deceptive omissions and design choices are not incidental—they are systematic across more than 300 Christian Brothers Automotive franchise locations nationwide. They are clearly intended to induce customer reliance on the appearance of comprehensive coverage.

**36.** A complete copy of the "Nice Difference® Warranty" as presented online, including the concealed terms and required navigation steps, is attached as **Exhibit D**. This exhibit includes redline commentary and screenshots to illustrate how Defendants obscure the true scope of coverage from consumers. The design and content of this warranty misleads the ordinary consumer, and the resulting economic harm is foreseeable and direct.

**37.** Plaintiff relied on these representations when agreeing to pay for repairs and subsequently suffered damages upon learning of the warranty's concealed limitations after the fact. The conduct constitutes knowing and intentional violations of the DTPA.

5

**Count III: Fraud and Misrepresentation**

38. Defendants knowingly and repeatedly misrepresented their warranty, the status of Jasmine Robinson as outside counsel, and the court status of relevant filings. Preston Naylor directly induced Plaintiff to authorize repairs while concealing the true limits of the warranty. **Exhibit D**

**Count IV: 42 U.S.C. §1983 – Denial of Procedural Due Process**

39. Ali Hayslip, acting under color of law, violated Plaintiff's rights by expressing overt bias, refusing to acknowledge legitimate filings, and threatening extrajudicial inquiry into Plaintiff's personal travel and integrity.
40. "The consequences of Ms. Hayslip's improper communications and exclusion of Plaintiff from scheduling procedures are not hypothetical—they directly contributed to a judicial ruling that denied Plaintiff a fair hearing.
41. **Judicial Indifference to Documented Misconduct**
As detailed in Exhibit E, the Denton County Small Claims Court denied Plaintiff's Motion to Vacate a prior judgment—despite the motion being unopposed and based on clear, documented evidence of fraud and material concealment by the defendants. The court's refusal to even schedule a hearing or require a response from the opposing parties raises substantial questions about procedural fairness, judicial bias, and the integrity of the adjudicative process. This denial, in the face of unrebutted evidence, forms part of the pattern of due process violations now being redressed in this federal action.
42. Defendant Hayslip acted under color of state law in performing the above functions, including procedural coordination and communications concerning the court's docket.
43. These acts, individually and collectively, constitute a violation of Plaintiff's rights to fair process and equal protection under the Fourteenth Amendment, redressable under 42 U.S.C. § 1983. See *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard at a meaningful time and in a meaningful manner."); *Turney v. Ohio*, 273 U.S. 510, 532 (1927) ("A fair trial in a fair tribunal is a basic requirement of due process.").
44.

**Count V: Civil RICO (18 U.S.C. §1961 et seq.)**

45. Defendants Nationwide, Robinson, Christian Brothers, and Clark Hill participated in an enterprise engaging in repeated acts of wire fraud, concealment, and court manipulation.

Predicate acts include:

- Misuse of email and filings to create false appearance of legal separation (Robinson)
- False and misleading state court pleadings (Clark Hill)
- Warranty deception across multiple jurisdictions (CBA franchise/franchisor and Naylor)
- Coordination to obstruct discovery and prevent meaningful adjudication

## V. RESPONSE TO DEFENDANTS' RULE 91a MOTION TO DISMISS AND OTHER DEFENSES

Plaintiff anticipates that Defendants—once served—will seek to dismiss this action via a Rule 91a motion in the parallel state court action and will likely invoke res judicata, immunity, and privilege-based defenses. The following section rebuts those arguments and is incorporated into this Amended Petition as both anticipatory legal argument and a record of ongoing procedural abuse.

## 1. Res Judicata and Collateral Estoppel Do Not Apply

Defendants' reliance on a Denton County Justice Court judgment to bar this federal action is misplaced. Under Texas Civil Practice & Remedies Code § 31.004(a), a party may refile claims originally brought in justice court in a district court. The procedural and jurisdictional limitations of justice courts, including lack of authority to adjudicate federal claims or conduct meaningful discovery, render them inadequate to preclude subsequent proceedings in a higher court.

Moreover, critical parties in this suit—including Clark Hill PLC and Preston Naylor—were not named in the justice court action. Texas law does not permit *res judicata* to apply to non-parties who lack privity with prior litigants. The current claims, including violations of the Magnuson-Moss Warranty Act, civil RICO, and federal due process, were not and could not have been litigated in small claims court.

[1] Tex. Civ. Prac. & Rem. Code § 31.004(a).
[2] See *Wood v. County of Dallas*, 275 S.W.3d 403, 414 (Tex. App.—Dallas 2008, pet. denied).
[3] See *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 541 (Tex. 1981).
[4] *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996).

## 2. Rule 91a Cannot Be Used to Short-Circuit Fact-Based Claims

Rule 91a permits dismissal only when a claim has no basis in law or fact, which courts have interpreted as a narrow and exceptional remedy. The standard does not apply where factual development is necessary. Plaintiff's amended complaint contains specific, fact-rich allegations of deception, concealment of insurer conflicts, warranty misrepresentation, and fraudulent inducement—all requiring discovery.

Rule 91a is not a substitute for summary judgment or evidentiary hearing. The attempt to use it here as a preemptive strike against meritorious claims is both improper and telling.

[5] Tex. R. Civ. P. 91a.1; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).
[6] *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

### 3. Attorney Immunity and Litigation Privilege Are Misapplied

Texas courts recognize that attorney immunity and litigation privilege do not protect attorneys who engage in *extrajudicial fraud or misconduct*. Where lawyers act outside the scope of legal representation—for instance, by concealing insurer liability or fabricating procedural narratives—they lose those protections.

Defendant Robinson and the Clark Hill firm are alleged to have knowingly misrepresented Nationwide's liability posture and participated in efforts to mislead a court about the financial stake of a named party. These actions are not protected legal conduct—they are potential fraud.

[7] *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 657–58 (Tex. 2020).
[8] *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 482 (Tex. 2015).

### 4. Federal and State Claims Are Properly Pled and Actionable

Plaintiff alleges facts satisfying the elements of civil RICO under 18 U.S.C. § 1962(c), including a pattern of racketeering activity, mail fraud, and concealment. Defendants' conduct demonstrates coordination across business and legal actors to suppress, misrepresent, or obfuscate material facts regarding vehicle repairs and legal exposure.

Plaintiff further alleges that the warranties offered by Defendants are governed by the Magnuson-Moss Warranty Act, and that representations made on their websites—especially concerning engine and transmission repairs—directly contradict the exclusions later used to deny responsibility.

[9] *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009).
[10] *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553 (5th Cir. 2015).
[11] See *Wal-Mart Stores, Inc. v. Wheeler*, 123 S.W.3d 398 (Tex. App.—Corpus Christi 2003, pet. denied).

### 5. Due Process Was Violated in Underlying Proceedings

Plaintiff's unopposed motion to vacate a small claims judgment was denied without a hearing, response, or reasoning. This type of judicial conduct—particularly where no opposition was filed—raises serious red flags under the Fourteenth Amendment's Due Process Clause and further underscores the necessity of federal review.

<sub>12</sub> *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Gonzalez v. U.S. Bank, N.A.*, 2013 WL 1183317 (Tex. App.—Houston [14th Dist.] 2013, no pet.).</sub>

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Award **actual damages** in excess of $250,000;

2. Award **treble damages** pursuant to RICO and DTPA;

3. Award **punitive damages** for willful misconduct;

4. Award compensatory and punitive damages for violations of Plaintiff's civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, including but not limited to the denial of due process by the Denton County Justice Court

5. Consider and grant appropriate relief based on Plaintiff's incorporated rebuttal to Defendants' anticipated and pending motions to dismiss, including any declaratory or injunctive relief arising from Defendants' pattern of procedural abuse and misconduct

6. Declare all state court judgments or proceedings arising from fraud as **void**;

7. Enjoin further state proceedings arising from this fraudulent pattern;

8. Award reasonable costs and fees under applicable statutes;

9. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jonathan R. Saunders, MFA, LLM

Jonathan R. Saunders, MFA, LLM
Plaintiff, Pro Se

Mailing Address: Saunders Consigliere PLLC
801 International Parkway, Suite 550-105
Flower Mound, TX 75022

Phone: 682-417-2968
Email: saunders@saundersconsigliere.com

Date: July 16, 2025

9